Alphonsus C. Fox and Agnes W. Fox v. Commissioner.
Fox v. Commissioner
Docket No. 6614-66.
United States Tax Court
T.C. Memo 1968-28; 1968 Tax Ct. Memo LEXIS 270; 27 T.C.M. (CCH) 125; T.C.M. (RIA) 68028; February 16, 1968. Filed David L. Ketter and C. J. Queenan, Jr., 1100 Oliver Bldg., Pittsburgh, Pa., for the petitioners. John W. Tissue, for the respondent. MORDOCK Memorandum Findings of Fact and Opinion The Commissioner determined additions to tax against the petitioners for fraud under section 6653(b) of $1,999.21 for 1959, $3,042.10 for 1960 and $3,673.89 for 1961. Findings of Fact The petitioners, Alphonsus C. and Agnes N. Fox, husband and wife, resided in Pittsburgh, Pennsylvania when the petition was filed in this case. They filed joint individual income tax returns for the years 1959, 1960 and 1961 with *271 the director of internal revenue for the district of Pittsburgh, Pennsylvania. The returns for 1960 and 1961 were delinquently filed on April 9, 1963 and the return for 1959 was delinquently filed on August 30, 1963. Alphonsus received an A.B. degree from Miami University in 1920. His net worth during the tax years was about $250,000. He was a branch manager for the Fuller Brush Company in Pittsburgh during the years 1959, 1960 and 1961 and maintained an office at 3 Parkway Center, Pittsburgh, Pennsylvania. He had no partners or associates but the name on the door of that office was "A.C. Fox Associates." He felt that applicants were more likely to enter the office with that name on the door than had the Fuller Brush name been on the door. Alphonsus had seven field supervisors and approximately 100 to 115 dealer salesmen under his general supervision. The primary responsibilities of his position were to recruit dealers content to work from house to house on a straight commission basis of compensation and to promote the productivity of such dealers. He attempted to promote dealer productivity by publishing a weekly promotional bulletin and by attending evening sales meetings an *272 average of two or three evenings a week. 126 Alphonsus was compensated on a commission basis and was reimbursed for office expenses by the Fuller Brush Company, based upon a four-week periodic compilation. He retained his cancelled checks, receipts and brokers' slips for each year but maintained no formal books of account. The petitioners used a cash receipts and disbursements method of accounting. Alphonsus knew how to make the returns, knew he should file returns, knew he owed taxes for each year, and knew the penalties for not filing the returns. The petitioners reported in their delinquent returns for the taxable years in controversy the following amounts and sources of gross income, deductions, taxable income and tax liabilities: Taxable year
1959
1960
1961
Gross income from Fuller Brush Co
$37,170.53
$41,363.42
$48,722.34
Business expenses 19,047.99
17,470.31
21,508.60
Net earnings
$18,122.54
$23,893.11
$27,213.74
Dividends (after exclusions)
1,101.64
1,089.98
1,521.29
Interest
123.81
48.48
Speaking Fee
100.00
Annuity (taxable portion)
1,443.90
680.40
Rental (after depreciation)
40.00
40.00
40.00
Capital gains (taxable net) 120.10
120.16
279.15
Adjusted gross income
$19,284.28
$26,810.96
$29,783.06
Itemized deductions
1,735.82
2,779.93
2,567.67
Personal exemptions 1,200.00
1,800.00
1,800.00
Taxable income
$16,348.46
$22,231.03
$25,415.39
Tax withheld and credit
2,925.78
3,975.83
4,591.36
Balance paid
1,112.70
2,151.96
2,817.26
*273 Alphonsus borrowed the money in 1963 to pay the tax and interest shown by the 1959, 1960 and 1961 returns filed. Alphonsus on April 17, 1961 requested a sixty-day extension to file his 1960 return and on April 16, 1962 requested a thirty-day extension to file his 1961 return. He was granted a thirty-day extension for each year. The internal revenue service made repeated unsuccessful efforts to have Alphonsus file returns for 1959, 1960 and 1961 or explain why such returns were not filed. Alphonsus gave some excuses for not filing and made promises to file but did no work on and did not file 1960 or 1961 returns as he promised. An internal revenue special agent went to Alphonsus' office in March 1963 with respect to 1959, 1960 and 1961 returns of the petitioners. Alphonsus told him that their return for 1959 had been filed. No return for 1959 had been filed. Alphonsus called a certified public accountant late in March 1963 and asked him to prepare tax returns for him for the years 1960, 1961 and 1962. The C.P.A. did not know Alphonsus at that time. The year 1959 was not mentioned during that call. The C.P.A. then prepared the 1960 and 1961 returns and filed them in April 1963. *274 The internal revenue service inquired at that time about a 1959 return. The C.P.A. then talked to Alphonsus who told him that the 1959 return had been filed. Alphonsus, in an interview in July 1963 with two agents of the internal revenue service, admitted that he had never filed a return for 1959. Alphonsus in August 1963 employed the C.P.A. who had prepared the 1960 and 1961 returns to prepare the return for 1959 which was filed on August 30, 1963. Alphonsus pleaded guilty and was convicted in the United States District Court for the Western District of Pennsylvania, under section 7203 of the Internal Revenue Code of 1954, of willful failure to file income tax returns for each of the taxable years 1960 and 1961. All stipulated facts and exhibits are incorporated herein by this reference. Opinion MURDOCK, Judge: Section 6653(c)(1) provides that an underpayment of income tax is a deficiency as defined in section 6211 but the tax shown on a return shall not be taken into account if the return in question was not filed on or before the last day prescribed for the filing of such return including any extension of time granted for 127 the filing. Section *275 6653(b) provides that, if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. None of the three returns here involved was filed "on or before the last day prescribed for the filing of such return" and the entire tax due for each year was an underpayment within the meaning of section 6653(b). The only question for decision here is whether any part of any one or each of those underpayments was due to fraud. The Commissioner has the burden of proving by clear and convincing evidence that some part of one or of each was due to fraud. Alphonsus had adequate knowledge of the Federal tax laws and their requirements. He was quite capable of filing the required tax years returns for himself and his wife. Her income did not exceed $630 for any of the tax years. He knew that tax was owed for each year. Cf. Cirillo v. Commissioner, 314 F. 2d 478, 483. His stated reason for not filing the returns as required by law was that he could not take sufficient time from his business to prepare and file the returns. Not only is this contention not supported by convincing evidence *276 but, in any event, he should have taken sufficient time from whatever else he was doing to file the returns required by law. Incidentally, he had sufficient time to take a short vacation each year. Certainly he could have employed a capable person to file the joint return for each tax year had he so desired. He deliberately ignored the known requirements of the law in regard to the filing of tax returns, even though the I.R.S. had endeavored to have him file returns or explain why the required returns were not filed. He made no effort to prepare or file returns until after a special agent had visited him. His false statement that he filed a return for 1959 does not help his case. His continued avoidance of his known duty and behavior under all of the circumstances here present are outrageous and convincing indications that his intent was to evade some part of the tax which he knew he owed for each of the years 1959, 1960 and 1961. A part of the deficiency for each year was due to fraud with intent to evade tax. Charles F. Bennett, 30 T.C. 114, 122, et seq. and cases there cited. Decisions will be entered under Rule 50.